UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AYE MARIE LOUISE KOUASSI, | ) | CASE NO. 1:19CV651 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICER STEPHENSON, et al., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of Plaintiff Aye Marie Louise Kouassi ("Plaintiff") against Officer Stephenson, Officer Welms, and Office Foti (collectively "Defendants"). Plaintiff describes Defendants as East Cleveland Police Officers (ECF DKT #1). Also before the Court is Plaintiff's motion to proceed with this action *in forma pauperis* (ECF DKT # 2), and that motion is granted.

For the reasons that follow, this action is dismissed.

## I. BACKGROUND

Plaintiff briefly states her factual allegations as follows:

I was at a beauty shop located at 13900 Euclid Ave, East Cleveland, OH. Around 6:00 PM, I called my friend to give me a ride home. My friend came and I was a passenger in her car when the police pulled us over. Police officers asked me for my identification. After I produced my identification, I was arrested and taken to the police station. From the police station I was taken to immigration where I got release [sic]. I was not undocumented.

(ECF DKT # 1).

Based upon these facts, Plaintiff claims that her constitutional right to be free from unreasonable search and seizure has been violated (First and Third causes of action), and that she was falsely arrested and imprisoned (Second cause of action). For relief, Plaintiff seeks an unspecified amount of compensatory and punitive damages. (*Id*.).

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013).

Pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations or claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

**B. Plaintiff Fails to State a § 1983 Claim**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 U.S. 635, 638 (1980) (quoting 42 U.S.C. § 1983).

A "critical aspect" of a § 1983 claim is that in order for a defendant to be held liable, a plaintiff must demonstrate "'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (quoting *Iqbal,* 556 U.S. at 676). That is, Plaintiff must show that the alleged violation of her constitutional rights was committed *personally* by a named defendant. *Id*. (emphasis in original); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (persons sued in their individual capacities under § 1983 are liable only for their own unconstitutional behavior) (citations omitted). Therefore, simply listing defendants in the case caption and generally alleging constitutional violations in the body of the complaint is insufficient to state a plausible § 1983 claim for relief against any specific defendant. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 57 (1978)).

Here, Plaintiff lists three defendants in the case caption, but in the body of the Complaint, she does not allege any specific conduct on the part of any defendant that she claims violated her constitutional rights. Rather, she generically refers to "police," "officers," "police officers," and

3

"defendants." Notwithstanding the liberal construction afforded to *pro se* pleadings, a *pro se* complaint must be pleaded with sufficient specificity so as to give each defendant notice of the conduct he personally engaged in that Plaintiff claims is unconstitutional. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted). This Plaintiff has failed to do.

Accordingly, Plaintiff fails to state a plausible § 1983 claim against Defendants upon which relief can be granted and this case is dismissed pursuant to § 1915(e)(2). *See Frazier v. Michigan*, F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim under 28 U.S.C. §§ 1915(e) for failure to state a claim against defendants in their individual capacity where plaintiff does not allege which of the named defendants were personally responsible for each claimed rights violation).

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and closed. Plaintiff's motion to proceed in forma pauperis is granted. (ECF DKT # 2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:**